No. 573

First Circuit

LAWHORN v. A. W. PETTIGREW, INC.

(December 30, 1929. Opinion and Decree.)
(March 5, 1930. Rehearing Refused.)

Chas. J. Mundy, of New Orleans, attorney for plaintiff, appellant.

Harris Gagne, of Houma, attorney for defendant, appellee.

LECHE, J. Plaintiff, surviving widow of Jesse Lawhorn, sues, in her own behalf and in behalf of her minor children born of her marriage with Lawhorn, for compensation. Her husband was killed by an accident which occurred while he was felling a tree in a swamp situated in the parish of Terrebonne.

In the district court defendant first pleaded the want of capacity of plaintiff, then it attacked the constitutionality of the Employers' Liability Act (Act No. 20 of 1914, as amended), under which this proceeding was instituted. These defenses were both overruled by the trial judge. Defendant then denied that Lawhorn, the deceased husband of plaintiff, was in its employ at the time that he received the injury causing death. This defense was maintained by the district court, and from that ruling plaintiff has taken the present appeal. Defendant's failure to appeal or answer plaintiff's appeal eliminates the two first-mentioned defenses in this controversy.

The pertinent facts are that Lawhorn had been previously engaged by defendant to cut railroad ties, for which defendant paid him in proportion to the number of ties which he had cut. Defendant was engaged in the manufacture of ties which it would cause to be cut wherever it could obtain the necessary timber, and its tie

making operations would therefore shift from one place to another, according to the locality where it could secure the necessary material.

Defendant acquired the right to cut and manufacture ties in what the witnesses call the Bodin swamp. Before operating in the Bodin swamp, defendant notified its tie-cutters not to engage in their work until it had ascertained the location of the lines within which it had obtained the right to fell and use the timber for making ties. Lawhorn ignored the instructions given by Pettigrew on behalf of defendant, and in violation of defendant's orders he proceeded to the swamp. He had hardly begun to work, when in felling a tree he was struck by the tree, and, from the effects of that injury, he died.

Frank Mitchell, a witness for plaintiff, testified in this case that all the cutters were notified to go to the Bodin swamp in the morning, but this is denied by defendant's witness Hoffman and by Pettigrew. Mitchell himself had testified in a previous case between the same parties that he did not know who had sent Lawhorn into the swamp in the morning. The trial judge who heard all these witnesses did not believe Mitchell, and there is no reason why we should give his testimony more weight than that of Hoffman and Pettigrew. The only reasonable conclusion to be drawn from the evidence is that Lawhorn was not only not acting in the course of his employment at the time he was injured, but that he was, at the time, acting in violation of the orders of his employer.

Plaintiff lays stress on the fact that defendant paid Lawhorn for two ties which it accepted from him, although these ties were cut and made just a moment before Lawhorn was killed. In truth, these two ties were accepted by defendant and paid for by it as coming from Mitchell, and it had no knowledge that they had been made by Lawhorn.

We believe the judgment of the district court is correct and should be affirmed, and

It is so ordered.